appropriate assignment before the United States Army Court of Military Review.

No. 73-44 Excell Webb, Jr., PVT, U.S. Army v. United States.

On consideration of the Petition for Extraordinary Relief and all other pleadings and documents filed in the above-entitled action, pursuant to this Court's Orders dated August 27, 1973, and September 4, 1973, it is, by the Court, this 13th day of September 1973,

ORDERED:

That said petition be, and the same hereby is, dismissed as moot. This action is without prejudice to the right of petitioner to raise the same issues by appropriate assignments of error before the United States Army Court of Military Review. Rhoades v. Haynes, 22 USCMA 189, 46 CMR 189 (1973); United States v. Boxdale, 22 USCMA 414, 47 CMR 351 (1973).

### September 14, 1973

No. 73-49 James A. Peters, Jr., PVT, U.S. Marine Corps v. CDR Raymond A. Helgemoe, USN, Commanding Officer, Naval Disciplinary Command, Portsmouth, New Hampshire.

On consideration of the "Petition for Extraordinary Relief and Brief in Support of Petition" filed in the above-entitled action, it appearing that no action of respondent set forth therein tends to affect the jurisdiction of this Court, it is, by the Court, this 14th day of September 1973,

ORDERED:

That said petition be, and the same hereby is, dismissed. 28 USC § 1651(a).

DUNCAN, Judge (concurring in the result):

I would dismiss the petition for the reason that it does not allege facts which constitute a cause of action for extraordinary relief.

### September 24, 1973

No. 73-50 Chris P. Bilotta, SP4, U.S. Army v. Commander, 3d Infantry Division, United States Army, Germany.

On consideration of the Petition for Extraordinary Relief and of the Reply to Order to Show Cause filed in the above-entitled action, it appearing that the convening authority has acted upon the record of petitioner's trial by general court-martial, as required by Article 60, Uniform Code of Military Justice, 10 USC § 860, and said record has been referred to the United States Army Court of Military Review for further review pursuant to Article 66(b), Uniform Code, supra, 10 USC 866(b), it is, by the Court, this 24th day of September 1973,

ORDERED:

That said petition be, and the same hereby is, dismissed as moot. Rhoades v. Haynes, 22 USCMA 189, 46 CMR 189 (1973).

This action is without prejudice to the right of petitioner to raise the same issue by appropriate assignment of error before the Court of Military Review.

### September 27, 1973

No. 73-47 Elvin Lee Beach, PFC, U.S. Marine Corps v. MAJ GEN P. H. Miller, USMC, Commanding General, Second Marine Aircraft Wing, Fleet Marine Force, Atlantic, Marine Corps Air Station, Cherry Point, North Carolina.

On consideration of the Petition for Extraordinary Relief and of the Reply to Order to Show Cause, it appearing that the convening authority has acted upon the record of petitioner's trial by general court-martial as required by Article 60, Uniform Code of Military Justice, 10 USC 860, and said record has been referred to the United States Navy Court of Military Review for further review pursuant to Article 66(b), Uniform Code, supra, 10 USC § 866(b), it is, by the Court, this 27th day of September 1973,

ORDERED:

That said petition be, and the same hereby is, dismissed as moot. Rhoades v. Haynes, 22 USCMA 189, 46 CMR 189 (1973).

This action is without prejudice to the right of petitioner to raise the same issue by appropriate assignment before the Court of Military Review.